UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                    Case No. 07-10731-DHW
                                                         Chapter 13
TRACY S. BARTOLOME,

          Debtor.


MEMORANDUM OPINION

Green Tree-AL, LLC filed an objection to confirmation of the debtor's chapter 13 plan. There, Green Tree contends that the debtor's plan impermissibly modifies its claim, which is protected from modification under 11 U.S.C. § 1322(b)(2). For the following reasons, the court concludes that Green Tree's objection is not well taken and must be overruled.

Jurisdiction

The court's jurisdiction derives from 28 U.S.C. § 1334 and from the general order of the United States District Court for this district referring title 11 matters to the Bankruptcy Court. Because the issue concerns the confirmation of a plan, this court's jurisdiction extends to the entry of a final order or judgment pursuant to 28 U.S.C. § 157(b)(2)(L).

Undisputed Facts

The debtor purchased a 1996 General Homes mobile home on February 17, 1997 for $17,389.55. The mobile home constitutes the "debtor's principal residence." *See* 11 U.S.C. § 101(13A). Green Tree financed the purchase, amortizing the debt over a 15-year period. The debtor filed this chapter 13 case on June 6, 2007. Green Tree filed a claim

in the amount of $17,242.78, the alleged payoff on the date of the petition.[1] The debtor's plan proposes to bifurcate the claim into secured and unsecured components, assigning a value of $7,636.80 to the mobile home. Under the plan, unsecured creditors will be paid from a "POT" or payment over time of $1,000.00.

The parties agree that the mobile home does not constitute real property under Alabama law. The debtor does not own the land on which the home sits; neither does the creditor have a lien on that land.

Contentions of the Parties

In its objection to confirmation, Green Tree first objects to bifurcation of the claim, contending that the claim is protected from modification by 11 U.S.C. § 1322(b)(2). The debtor disputes this contention. In addition, the debtor contends that the claim is modifiable because it falls within the exception to modification of 11 U.S.C. § 1322(c)(2) (loans maturing within the plan term). Green Tree also contests the value and interest rate proposed by the debtor. The parties have submitted only the first issue for decision by the court at this time – the applicability of section 1322(b)(2).

Conclusions of Law

11 U.S.C. § 1322(b)(2) allows a debtor to "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence . . ." Prior to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (Pub. L. No. 109-8) ("BAPCPA"), the Bankruptcy Code did not define the term "debtor's principal residence." BAPCPA amended section 101 to add the following definition:

(13A) the term "debtor's principal residence" —
    (A) means a residential structure, including incidental

---

[1] The creditor also filed an arrearage claim in the amount of $3,039.84.

> property, without regard to whether that structure is attached to real property; and
> (B) includes an individual condominium or cooperative unit, a mobile or manufactured home, or trailer.

11 U.S.C. § 101(13A).

Green Tree asserts that the definition of "debtor's principal residence" expands the reach of section 1322 to prevent modification of a claim secured by a mobile home that retains its character as personal property. Green Tree relies on *In re Sturgill*, 337 B.R. 599 (Bankr. W.D. Ky. 2006) and *In re Shepherd*, 354 B.R. 505 (Bankr. E. D. Tenn. 2006). However, BAPCPA was not applicable to the chapter 13 case in *Sturgill*.

The *Shepherd* court examined sections 1322(b)(2) and 101(13A) and concluded that the "statutes are in conflict and cannot be reconciled as written." *Shepherd*, 354 B.R. at 510. The court looked to the very scant legislative history and to the "very limited and specific references to 'debtor's principal residence,'" in the Bankruptcy Code and concluded that § 101(13A) broadened the scope of the anti-modification provision to embrace the mobile home in question. *Id.* at 511-12. The *Shepherd* court explained that "[t]o hold otherwise would render § 101(13A) meaningless surplusage and would serve to judicially write it out of the provisions of BAPCPA." *Id.* at 512. This court disagrees.

The holding in *Shepherd* ironically serves to "judicially write out" the term "real property" from § 1322(b)(2). If Congress had intended to remove the real property requirement, it could have deleted the words from the statute. This court is bound to give effect to all words in the statute. *Nunnally v. Equifax Information Servs., LLC*, 451 F.3d 768, 773 (11th Cir. 2006) ("It is a cardinal principle of statutory construction that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant'").

3

Therefore, this court "must consider and give meaning to the words 'real property' found in § 1322(b)(2)." *In re Manning*, 2007 WL 2220454, *4 (Bankr. N.D. Ala. Aug. 2, 2007).

> The phrase "real property" has real meaning; it is a definable concept under Alabama law. It is not superfluous language. Courts have always looked to state law to determine what is and is not "real property" for purposes of 11 U.S.C. § 1322(b)(2). The Supreme Court has recognized that "Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law." Butner v. U.S., 440 U.S. 48, 54, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).

*Id.* Although federal bankruptcy law determines whether the mobile home at issue constitutes the "debtor's principle residence," state law determines whether that same mobile home constitutes real property. The mobile home may qualify as the "debtor's principle residence" under federal law without also qualifying as "real property" under state law.[2] The two terms are governed by separate law and have separate spheres of operation. *See In re Moss*, 2007 WL 1076688, *2 (Bankr. S.D. Ala. April 4, 2007).

It is important to note that the phrase "'debtor's principal residence' modifies 'real property,' not the other way around." *In re Coleman*, 2007 WL 2376722, *1 (Bankr. W.D. Mo. Aug. 2, 2007) (citing *In re Cox,* 2007 WL 1888186, *2 n.4 (Bankr. S.D. Tex. June 29, 2007). The phrase "debtor's principal residence" is a "*limiting* clause. Expanding or contracting the limiting clause does not eliminate the words that it limits." *In re Cox*, 2007 WL 1888186 at *2.

One bankruptcy court has noted that "there are states where ownership of the land upon which a debtor's residence sits is not

---

[2] As stated above, the parties stipulate that the mobile home in question is personal property under Alabama law. *See Ala. Code* § 32-8-30(c) (1989).

4

necessary for a mobile home to be considered real property." *In re Herrin*, 2007 WL 1975573, *2 (Bankr. S.D. Ala. July 3, 2007). Therefore, the statute "can be read to give these words effect in light of the law in certain states." *Id.* at *3.

"The courts are not at liberty to pick and choose among congressional enactments, and when two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." *Morton v. Mancari*, 417 U.S. 535, 551 (1974). The language of the two sections are neither in conflict nor irreconcilable, and the court must give effect to each.

Conclusion

For the above reasons, the court concludes that the claim of Green Tree secured by the mobile home is not protected from modification by 11 U.S.C. § 1322(b)(2). This opinion does not constitute a ruling on whether the claim falls within the exception to section 1322(b)(2) found in section 1322(c)(2).

Done this 21st day of September, 2007.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtor
J. Kaz Espy, Attorney for Debtor
Paul J. Spina, III, Attorney for Creditor
Curtis C. Reding, Trustee